UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-cr-00009-SEB-VTW |
| | ) | |
| JOHN LEE STEPHENS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-cr-00009-SEB-VTW |
| | ) | |
| JOHN LEE STEPHENS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant John Lee Stephens has filed a second motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 86. For the reasons explained below, his motion for compassionate release is **denied**.

## I. Background

Mr. Stephens is serving a 272-month sentence after he pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and two counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 42 at 1-2. According to the presentence investigation report, Mr. Stephens robbed a bank in Indiana while brandishing a revolver. Dkt. 71-1 at 3-4. During the robbery, Mr. Stephens informed the employees that he would shoot them if they contacted the police. *Id.* at 3.

The Bureau of Prisons ("BOP") currently reports Mr. Stephens's anticipated release date as July 17, 2028. *See* https://www.bop.gov/inmateloc/ (last visited October 26, 2026).

Mr. Stephens argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he is qualified under the Elderly Offender Program and (2) he has been rehabilitated while incarcerated. The Court has concluded it can resolve the motion without a response from the United States.

## II. Discussion

The Court begins with Mr. Stephens's claim that he qualifies for the Elderly Offender Program. *See* 34 U.S.C. § 60541(g). The Elderly Offender Program pilot program officially expired on September 30, 2023. 34 U.S.C. § 60541(h) (allocating funding for program through fiscal years 2019 through 2023). Moreover, even if the program was still active, it was never a basis for reducing a defendant's sentence to time served. Indeed, it was meant to allow a defendant to serve the rest of their sentences on home confinement. *See* R.L. Rhodes, *FSA Revised Guidance Elderly Offender*, BOP (March 15, 2019), https://www.bop.gov/foia/docs/FSA_Revised_Guidance_Elderly_Offender.pdf. Further, courts who addressed the issue uniformly held that courts lack the authority to place inmates in the program. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("The statute does not give authority to the federal courts to place an offender in the Program; that authority is given to the Attorney General."); *United States v. Calderon*, 801 F. App'x 730, 731 (11th Cir. 2020) (affirming district court's denial of inmate's request for relief under the Program because "it lacked jurisdiction to grant the relief he sought."); *Marshall v. Hudson*, 807 F. App'x 743, 747 (11th Cir. 2020) (concluding that court had no authority under § 2241 "to order that an inmate be placed in the pilot program").

The Court also cannot order the BOP to let a defendant serve out their sentence on home confinement. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Stephens's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district

court lacks authority to order transfer to home confinement). Therefore, the Elderly Offender Program, even if it was still in existence, could not be considered an extraordinary and compelling reason to reduce Mr. Stephens's sentence to time served for purposes of compassionate release.

Mr. Stephens also states that he qualifies under § 1B1.13(b)(6) because he is 60 years old and has served more than 10 years of his sentence. Dkt. 86 at 6. That provision of the Sentencing Commission's policy statement only applies if the defendant also received an unusually long sentence that he would not have received if sentenced today due to a change of law. But in enacting § 401 of the First Step Act, Congress explicitly provided that new, shorter mandatory minimum sentences did not apply retroactively. In *Rutherford v. United States*, 608 U.S. 454, 146 S. Ct. 1320, 1330 (2026), the Supreme Court concluded that the Sentencing Commission's amended policy statement conflicted with Congress's intent and was therefore invalid. Thus, Mr. Stephens is not entitled to release under this provision of the amended policy statement. Mr. Stephens also cites his rehabilitation while incarcerated as an extraordinary and compelling reason for compassionate release. Dkt. 86 at 5. While the Court commends Mr. Stephens's rehabilitative efforts, it is what is expected of him, and "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d).

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

**Conclusion**

For the reasons stated above, John Lee Stephens's motion for compassionate release, dkt. [86], is **denied**.

**IT IS SO ORDERED.**

Date: 10/28/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Lee Stephens
Reg. No. 09182-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

All Electronically Registered Counsel